UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60001-CR-COOKE/Brown (s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

vs.

JOSE PADILLA,
    a/k/a "Ibrahim,"
    a/k/a "Abu Abdullah the Puerto Rican,"
    a/k/a "Abu Abdullah Al Mujahir,"

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT PADILLA'S
MOTION FOR MENTAL COMPETENCY HEARING DATED DECEMBER 13, 2006**

The United States of America, through undersigned counsel, hereby responds to defendant Jose Padilla's Motion for Mental Competency Hearing, filed December 13, 2006 (DE 716). In this motion, Padilla again seeks an inquiry into his alleged legal incompetence. As we have said before, and will explain again below, the government supports a prompt mental examination of this defendant by the Bureau of Prisons pursuant to 18 U.S.C. § 4241. Only after such a neutral examination, however, will the Court be in a position to determine what kind of mental competency hearing is appropriate. *See United States v. Nickels*, 324 F.3d 1250, 1251-52 (11th Cir. 2003).

That said, there is an additional concern here that must be addressed up front. The defense has now asserted in numerous filings over the past two months that Padilla is unable to understand the nature of the proceedings against him or communicate with his counsel. Yet despite this alleged impairment, and in the midst of asserting his alleged legal incompetence, the defense just two weeks ago submitted to this Court *a signed affidavit from Padilla* in which he states that he has reviewed and agrees with all of the factual contentions made by his lawyers in his "Motion to Dismiss for

Outrageous Government Conduct." *See* Reply in support of motion to dismiss, Ex. A (affidavit of Jose Padilla).[1] On one hand, the filing of such an affidavit should cast great doubt on the validity of Padilla's claim that he is presently incompetent to stand trial. On the other hand, if Padilla and his lawyers truly believe that Padilla is incompetent, and therefore by definition lacks "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and . . . 'a rational as well as factual understanding of the proceedings against him,'" *United States v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986), it defies belief that the defense would seek and rely upon sworn factual allegations by Padilla to make such a motion.

## Argument

**1.    The Court Should Order a Mental Examination of Padilla, in Light of His Allegations and the Low Threshold for Such an Examination.**

The procedures for addressing a defendant's competence to stand trial are set forth in 18 U.S.C. § 4241, *et seq*. The statute provides that the court shall inquire into a defendant's competence whenever there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). As part of that inquiry, the court has the authority to order a mental examination of the defendant, to be conducted pursuant to the provisions of section 4247(b) and (c). *See* 18 U.S.C. §

---

[1] In his affidavit, Padilla states that he (1) "make[s] this Affidavit from my own personal knowledge," (2) has "reviewed the motion my attorneys filed on my behalf," and (3) "[t]he factual allegations contained in that motion, as they pertain to the treatment I received while detained as an enemy combatant, are true." *Id.*

4241(b).[2]

The government supports a court-ordered mental examination of this defendant. The materials attached to Padilla's motion, *if credited*, raise a potential concern about his competence. Although some of those materials include the results of psychiatric evaluations obtained by Padilla, none of those evaluations was ordered by the Court or performed by a neutral examiner. Moreover, from the government's perspective, the methodologies used and the conclusions reached by these defense-retained examiners are questionable, especially in light of Padilla's recent affidavit. A reliable examination by impartial psychiatric professionals who are appointed by the Court and are thoroughly familiar with the requirements of sections 4241 and 4247 will serve every party's interest, and be of most use to the Court in discharging its duty to ensure that defendants tried before it are competent.

Such an examination should be ordered pursuant to section 4241(b) and conducted strictly in accordance with sections 4247(b) and (c). Section 4247(b) requires the Court to appoint a licensed or certified psychiatrist to conduct the examination, sets a 30-day time frame for the examination unless additional time is sought, and directs that the examination take place in the suitable facility closest to the court. 18 U.S.C. § 4247(b).[3] Subsection (c) requires the preparation

---

[2]This subsection states: "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)."

[3]This subsection states in relevant part: "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court . . . For the purposes of an examination pursuant to an order under section 4241 . . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in

of a post-examination report including detailed information about the defendant's history and symptoms and an opinion on the defendant's competency. 18 U.S.C. § 4247(c).[4] This report must be provided to the government, the defendant's counsel and the court itself. *Id.*

As the Court is aware, BOP psychiatrists routinely conduct impartial conduct competency examinations of defendants in BOP custody, and there is no reason for a different approach in this case: Moreover, based upon conversations with officials at FDC-Miami, it is the government's understanding that psychiatrists at FDC-Miami do conduct competency evaluations of defendants in custody at that facility, and that it is probable and likely that Padilla's evaluation would be conducted here. The government therefore proposes that the Court enter an order directing BOP to conduct an examination of this defendant in accordance with sections 4247(b) and (c).

**2.      There Is No Basis for a Hearing at this Time.**

It is unclear from Padilla's motion whether he is proposing that the Court conduct a hearing at this time on his alleged incompetence. Such a hearing would obviously be improper before the government has an opportunity to take advantage of its statutory right to seek an independent

---

a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant."

[4]This subsection states in relevant part: "A psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include – (1) the person's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and – (A) if the examination is ordered under section 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . ."

examination of the defendant's mental condition.  Even then, a full-blown hearing may be inappropriate.

The Eleventh Circuit has made clear that a court need not conduct a full hearing regarding a defendant's competence unless there is a bona fide question about his competency.  *See, e.g.*, *Nickels*, 324 F.3d at 1251-52  ("We have held that a trial court may rule on a § 4241 motion of incompetency without benefit of a full dress hearing so long as the court has no bona fide doubt as to the competence of the defendant.") (quoting *Cruz*, 805 F.2d at 1479) (internal quotation marks omitted); *United States v. Scarborough*, 683 F.2d 1323, 1325 (11th Cir. 1982) ("In light of the fact that the medical report gave no indication of incompetency to stand trial, the [district] court had no reason to have the 'bona fide doubt' sufficient to prompt a hearing in the matter.").  Whether such a bona fide question exists here will be determined after a neutral competency evaluation and report.  At present, there is no basis for a mental competency hearing.

## **Conclusion**

For the foregoing reasons, the government requests that the defendant Padilla's Motion for Mental Competency Hearing be granted in part and denied in part.  The Court should direct that Padilla promptly be evaluated for competency at a suitable BOP facility (preferably FDC-Miami) pursuant to 18 U.S.C. §§ 4241 and 4247(b).  The government opposes a hearing on Padilla's mental competency prior to receipt and consideration of the report required by 18 U.S.C. § 4247(c).

                    Respectfully submitted,

                    R. ALEXANDER ACOSTA
                    United States Attorney

                    s/ John C. Shipley
                    RUSSELL R. KILLINGER
                    Fla. Bar No. 0312851

BRIAN K. FRAZIER
Court No. A5500476
JOHN C. SHIPLEY
Fla. Bar No. 069670
Assistant United States Attorneys

STEPHANIE K. PELL
Court No. A5500301
Attorney, United Stated Department of Justice
Criminal Division, Counterterrorism Section
99 N.E. 4th Street, 8th Floor
Miami, Florida 33132
Tel: (305) 961-9000
Fax: (305) 530-4675

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2006, I electronically filed the foregoing document, Government's Response to Padilla's Motion for Mental Competency Hearing Dated December 13, 2006, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today by mail for those counsel and/or parties who are not authorized to receive or did not receive Notices of Electronic Filing as follows:

Andrew G. Patel, Esq.
2301 Collins Avenue
Apt. PH-10
Miami Beach, Florida 33139
Attorney for Defendant Padilla

                                                s/ John C. Shipley
                                                John C. Shipley
                                                Assistant United States Attorney