## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 04-60001-CR-COOKE/Brown (s)(s)(s)(s)(s)

**UNITED STATES OF AMERICA**

**vs.**

**ADHAM HASSOUN, JOSE PADILLA AND
KIFAH WAEL JAYYOUSI,**

**Defendants.**
_____/

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO COMPEL RECORDS RELATING TO EXPERT EVAN KOHLMANN (DE 1029)

The United States of America, through undersigned counsel, hereby opposes the defendants' joint motion to compel the production of sources referenced in a book written by one of the government's experts, Evan Kohlmann. This odd motion, unsupported by any legal authority, should be denied. There is absolutely no authority for the proposition assumed by the defense: that a party offering an expert witness at trial must produce to the other side sources cited in a book or website written by that expert. Moreover, the Court should not merely deny this motion, but should also preclude the defense from legally improper cross-examination meant to mislead the jury into thinking that such an obligation exists.

As the Court is aware, Mr. Kohlmann – despite the defendants' persistent and desperate slander of him – is one of the foremost experts in terrorist activity in several of the regions that may be at issue in this case. The Court has already denied the defendants' motion to exclude Mr. Kohlmann under *Daubert* (See DE 921). In so doing, the Court found that the government's Rule

16 disclosures[1] were adequate.  Rule 16 defines the universe of expert disclosure, and the government has already complied fully with its obligations under that Rule.  No further disclosures of any kind are required from Mr. Kohlmann under the law.  Accordingly, the defendants' request for copies of sources cited by Mr. Kohlmann in his books or on his website is totally unfounded.

The defendants cite no authority for their position, and have never done so, despite our repeated requests.  That is because none exists, and this is a classic fishing expedition.  As this Court knows well, criminal defendants do not have a general constitutional right to discovery.  *See, e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Undaunted by the lack of precedent for their position, the defendants simply grasp at straws. They cite cases regarding Rule 16 (such as *United States v. Robinson*), but do not acknowledge that Rule 16 only requires the disclosure of a *summary* of an expert's opinions and the bases for those opinions.  Fed. R. Crim. P. 16(a)(1)(G).  They also cite *Brady* and *Giglio* in passing, but do not even try to articulate how the sources they seek exculpate them; on the contrary, it is precisely this kind of unfounded speculation that constitutes the fishing expedition prohibited by *Weatherford*.  *See United States v. Quinn*, 123 1415, 1421 (11th Cir. 1997) ("the *Brady* rule is not an evidentiary rule that grants broad discovery powers to a defendant").  Finally, defendants say that the Jencks Act, 18 U.S.C. § 3500, authorizes a request for these materials.  The Jencks Act concerns the production of statements made by a government witness called at trial that are in the possession of the United States.  The defendants, however, are not seeking statements by Mr. Kohlmann; they are seeking statements by other people (including speeches, interviews, transcripts of broadcasts and videotapes)

---

[1]Unlike those of the defense for its experts.  Notably, the defense has *not* guaranteed to produce the sources cited by its proposed experts in their books.  *See* Ex. A (correspondence among counsel).

who will not be testifying at trial. We are not aware of any court, from any jurisdiction, interpreting the Jencks Act to mandate expert disclosures far beyond the narrow scope of Rule 16 – an interpretation that would completely alter the criminal rules and expert discovery in the federal courts in every case, not merely this one. Defendants certainly do not identify such a decision for this Court.

The simple fact is that the defendants – fearing the import of Kohlmann's testimony and having failed in their unconvincing *Daubert* motion – are now fishing for ways to challenge his opinions. Requiring the government to do the defendants' work and comb through Mr. Kohlmann's writings and produce to the defense every source from his writings that the defendants want to be able to examine before trial as part of their fishing expedition is legally unjustified. Moreover, imposing such a burden on the government on the eve of trial would be profoundly unfair and would inevitably cause a delay in trial while prosecutorial resources are spent on complying the defendants' demands.[2]

Finally, because there is no legal authority requiring the production of such items, the Court should preclude the defense from misleading the jury, through cross-examination, into thinking that such a requirement exists or was not complied with. As we have explained before, Mr. Kohlmann's *direct testimony in this courtroom* – not his out-of-court publications or the sources comprising them – will dictate the scope of permissible cross-examination. At no time has the defense agreed to admit Mr. Kohlmann's writings as evidence in this case for the jury's consideration. We ask the

---

[2]Although the defendants state that they have been unable to find these sources through their own research, they conspicuously do not set forth what steps if any they have taken with regard to each of these items, or identify the items that they believe are non-public rather than public.

Court be vigilant during any cross-examination of Mr. Kohlmann to avoid the kind of inferences that the defense is clearly, and unpersuasively, seeking to draw.

### Conclusion

For all of the foregoing reasons, the defendants' motion to compel should be denied, and the Court should impose appropriate limits on the cross-examination of Mr. Kohlmann, or instruct the jury correctly regarding the government's disclosure obligations, to ensure that the jury is not deceived.

Respectfully submitted,

R. ALEXANDER ACOSTA
United States Attorney

s/ John C. Shipley
RUSSELL R. KILLINGER
Fla. Bar No. 0312851
BRIAN K. FRAZIER
Court No. A5500476
JOHN C. SHIPLEY
Fla. Bar No. 069670
Assistant United States Attorneys
STEPHANIE K. PELL
Court No. A5500301
Attorney, United States Department of Justice
National Security Division, Counterterrorism Section
99 N.E. 4th Street, 8th Floor
Miami, Florida 33132
Tel: (305) 961-9000
Fax: (305) 530-4675
Russell.Killinger@usdoj.gov
Brian.Frazier@usdoj.gov
John.Shipley@usdoj.gov
Stephanie.Pell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2007, the undersigned electronically filed the foregoing document, Government's Opposition To Defendants' Joint Motion To Compel Records Relating To Expert Evan Kohlmann, with the Clerk of the Court using CM/ECF.

s/ John C. Shipley
John C. Shipley
Assistant United States Attorney